## Snively's Estate.

*Contract—Building contract—Liquidated damages—Findings of fact.*

Where a contract for the building of several houses provides for the retention of a sum specified for each house which was to be forfeited to the owner, if the houses were not equal in all respects to a designated sample house, a finding by the orphans' court that the houses had not been built equal in all respects to the sample house, and a refusal to award the amount retained, to the contractor from the estate of the owner, will not be reversed by the appellate court, where the latter court after a careful examination of all the testimony is satisfied that the orphans' court was correct as to its findings of fact.

Argued Dec. 14, 1914. Appeal, No. 255, Oct. T., 1914, by Joseph R. Summers, from decree of O. C. Phila. Co., Oct. T., 1909, No. 687, sustaining exceptions to adjudication in Estate of I. Newton Snively, deceased. Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ. Affirmed.

Exceptions to adjudication.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in dismissing exceptions to adjudication.

*William W. Porter*, with him *James A. Walker*, and *Edgar S. McKaig*, for appellants.

*Horace Haverstick*, for appellee.

OPINION BY ORLADY, J., March 11, 1915:

In the settlement of the estate of I. Newton Snively, Joseph R. Summers presented a claim for $380, with interest from December 30, 1907, "As being the balance due upon a contract for the purchase of thirty-eight brick houses." The original building contract was in writing, and provided that, as the work approached completion a settlement was to be made at stated times; when the sum of $10.00 was to be withheld by the owner under a clause which provided, that should the said houses about to be built not be equal in all respects to a designated sample house "in that case an amount will be deducted at time of fixed settlement to make the said houses equal in all respects to said sample house. . . . Or if necessary work be not done at the expiration of three months, then the party of the second part, Snively (whose executrix is the appellee here) shall have the right to declare said money forfeited by the party of the first part (Summers) to the party of the second part as liquidated damages."

Final settlement was made, and from the mass of testimony taken at the hearing of the adjudication of this account it clearly appears that the houses were not completed to meet the comparison with the sample house mentioned. And further, the correspondence between the parties who knew the actual condition of the work on the houses and were interested in the fair adjustment of the controversy, shows that there were many items that were alleged by Snively to be radically different from the sample house. On the other hand, it was contended on the hearing below that the $10.00 per house, or $380 in all, represented the amount necessary to remedy three specific items to which objection

had been made, and which had been remedied. The question involved was purely one of fact. And while these contentions were carefully considered by the auditing judge and the fund awarded by him to Summers, on review of his findings of fact and conclusions of law by the court in bank, it was decided that the money was partly due as liquidated damages to the owner Snively, or at least that he had the right of set-off in the retention of that sum on account of his claim against Summers.

It appears that the only parties interested in the controversy are the appellant and the estate of Snively, and it is clearly shown that in certain respects the houses were admittedly inferior to the model house designated.

After a careful examination of all the testimony we feel that the conclusion of the court in bank was correct, and that the $10.00 per house was retained for completion generally, as testified to by Snively's agent. The correspondence between the parties, and the subsequent inspection of the houses by the trust company's representative corroborated the facts as testified to by Marshall (Snively's agent). We are of opinion that the money retained was forfeited under the terms of the contract as liquidated damages, and the decree of the orphans' court is affirmed.